be a party to any deed in which a married woman binds herself, This is for her protection, and it is a reasonable protection.

Deed ruled out, and the plaintiff nonsuited.

*Wootten,* for plaintiff.

*Cullen,* for defendant.

—•»»@@»«<•—

NATHANIEL Y. DAVIS and Hester Ann, his wife, late Hester Ann Smith, *vs.* DAVID SMITH.

A devise to two grand-sons, A. and B. "jointly, their heirs and assigns forever," is a tenancy in common, and not a joint tenancy in the devisees.

CASE STATED. David Smith devised a tract of land to his two grand-sons, "John Smith and David Smith jointly, their heirs and assigns forever, " on condition that they each paid fifty dollars, to Hester Ann Smith, when they arrived at age respectively. He also authorized a trustee to sell the land if he thought proper, during the minority of John Smith and David Smith, and to secure the payment of the money to the said devisees when they shall respectively arrive to the age of twenty-one years.

John Smith died under age, intestate and without issue. Nathaniel Y. Davis married Hester Ann Smith, the legatee, and administered on the estate of John Smith, one of the devisees. Qu. What estate did John and David Smith take under the will of their grand-father, an estate in joint tenancy or in common? If the former, judgment to be rendered for defendant; if the latter, judgment to be rendered for the plaintiffs.

*Cullen* contended that under the act respecting devises of lands, joint estates and dower, (*Dig.* 167,) no estate in joint tenancy could be created, unless the testator expressly devised " to be held as joint tenants and not as tenants in common." Such is the provision of the act, the object of which was, to do away with all constructive joint tenancies.

*Ridgely* claimed that this was a devise of a joint tenancy, the intention of the testator clearly being to make such an estate. The court cannot construe this a tenancy in common without rejecting the word "jointly," which is against the rules of construction that require force to be given to all the words if possible. (*Wms. Ex'r.* 709-14.)

The act of assembly cannot mean that a testator shall use the very words " to be held as joint tenants and not as tenants in common," to create a joint tenancy; if so a devise to two and the survivor of them, or to two as joint tenants, would not create a joint tenancy.

When technical words are used, the testator must be held to use them in their technical sense; hence the court cannot say that the devise to John Smith and David Smith jointly, does not create a joint estate.

*Cullen.*—The court cannot regard the intention of a testator, when such intention is contrary to law. The intention of this testator, even if it appears to have been to devise a joint tenancy, cannot be carried out, unless he uses the words which are necessary to create such an estate. But there is no such intent apparent in this will. The word jointly, does not necessarily mean a joint tenancy. Tenants in common or coparceners, hold the estate jointly until severance. He meant only to devise the estate to both, and the money which was to arise from the estate in case of a sale was bequeathed to them severally as they came of age.

*The Court* held that John Smith and David Smith took the estate as tenants in common, and not as joint tenants, and gave

Judgment for plaintiffs.

*Ridgely,* for defendant.
*Cullen,* for plaintiffs.

—➤»»֍֍֍֍«««—

ISAAC MARINER, Adm'r. of PHILIP W. MARINER, d. b. app'lt. *vs.* COARD BURTON'S Adm'r. p. b. resp't.

Assumpsit for use and occupation, will not lie against a person who entered into possession as a purchaser, though the contract of purchase be rescinded and the premises recovered back in ejectment.

APPEAL from the judgment of a justice of the peace. Narr. in assumpsit for use and occupation. Pleas non assumpsit, &c.

In 1836, Coard Burton contracted to sell Philip W. Mariner a house and lot for $60, and delivered possession; the deed to be made on payment of the purchase money. Philip Mariner died, and his representatives refused to pay the purchase money; but agreed to rescind the contract. Burton brought an action of ejectment and recovered the land; and brought this action for use and occupation.